UNITED STATES of America, Plaintiff-Appellee,

v.

Oscar REINA, Defendant-Appellant.

No. 71-1243.

United States Court of Appeals, Ninth Circuit.

July 28, 1971.

---

Before MERRILL, KOELSCH and CHOY, Circuit Judges.

PER CURIAM:

Appellant was found guilty by a jury of violating 18 U.S.C. § 2314 on three occasions. Section 2314 provides, in relevant part:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more

> \* \* \* \* \* \*

> Shall be fined not more than $10,-000 or imprisoned not more than ten years, or both."

No attack is made on the sufficiency of the evidence to support the jury's conclusion that appellant engaged in a scheme to defraud and, in the execution of that scheme, induced victims to travel in interstate commerce. Instead, appellant contends that the district court erred in refusing his "civil fraud" instruction and, in particular, that the Government was required to prove that each of the victims relied on the false representations and was deceived by them.

The district court correctly rejected the proffered instruction. Reliance or actual deception is not an element of the Government's case under Section 2314. What the statute prohibits is (1) the devising of a scheme or artifice to defraud or obtain money by false pretenses or representations and (2) causing or inducing an intended victim to travel in interstate commerce with intent to defraud that person of money or property having a value of $5,000 or more. Cases under the Mail Fraud Statute, 18 U.S.C. § 1341, which prohibits the devising of a scheme or ar-

Michael H. Walsh, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., San Diego, Cal., for plaintiff-appellee.

tifice to defraud and use of the mails in connection therewith, make this conclusion clear. See, e. g., United States v. Gross, 416 F.2d 1205, 1209–1210 (8th Cir. 1969); New England Enterprises, Inc. v. United States, 400 F.2d 58, 72 (1st Cir. 1968); United States v. Andreadis, 366 F.2d 423, 431 (2nd Cir. 1966); Hoffman v. United States, 249 F.2d 338, 341 (9th Cir. 1957). Cf., Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

Appellant also contends that reversible error was committed when the prosecutor, during his closing argument, inadvertently quoted from a proposed jury instruction which had previously been rejected by the court. No objection was taken at the time the quote was made, and when appellant did object after the jury had retired, no request was made to bring the jury back or otherwise correct the error, which could have easily been done. Under these circumstances, we conclude that the point was waived. Rule 51, F.R.Crim.P.

Affirmed.